

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DUANE LAFFERTY, | \* | CIV 05-3003 |
| Petitioner, | \* | |
| -vs- | \* | ORDER AND OPINION ON MOTION TO VACATE |
| UNITED STATES OF AMERICA, | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner pleaded guilty to conspiracy to distribute methamphetamine and was sentenced to 235 months imprisonment on March 5, 2004. He appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit and the Eighth Circuit summarily dismissed his appeal.

Petitioner contends that (1) the United States breached the plea agreement when it failed to recommend a three level reduction for acceptance of responsibility, (2) he was denied the right to appeal by a constitutionally and statutorily invalid waiver, (3) the plea agreement was a contract which must fail because it lacked consideration, (4) his plea was not knowing and voluntary, (5) he received ineffective assistance of counsel, (6) his sentence was improperly enhanced by the failure to award the credit for acceptance of responsibility and by the enhancement for obstruction of justice, (7) his sentence was improperly enhanced for possession of a firearm, (8) the base offense level was improperly calculated, and (9) his base offense level and enhancements were not determined beyond a reasonable doubt as required by Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S.Ct. 2531 (2004).

Following initial consideration, I ordered the government to file an answer. The motion has been briefed. Petitioner is represented by counsel in this action.

## I. Waiver.

Petitioner waived, as part of his plea, "any right to appeal any and all motions, defenses, probable cause determinations, and objections which he has asserted or could assert to this prosecution, and to the Court's entry of judgment against him and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742."[1] Failure to raise an issue on direct appeal bars petitioner from raising the issue for the first time in a section 2255 habeas corpus proceeding. Reid v. United States, 976 F.2d 446, 447 (8th Cir.1992). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Generally, "§ 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal." United States v. Eagle Thunder, 873 F.Supp. 1362, 1372 (D.S.D. 1994) (adopting the report and recommendation of Mark A. Moreno, U.S. Magistrate Judge). Thus, if a criminal defendant fails to exercise his right to appeal, in this case because he has waived his right to appeal, he has, as a general rule, waived his right to collaterally challenge those issues which could and should have been raised on direct appeal.

A promise made in a plea agreement to waive appeal rights is binding upon petitioner and is enforceable if (1) the appeal falls within the scope of the waiver, (2) the waiver and plea agreement were entered into knowingly and voluntarily, and (3) the enforcement of the waiver will not result in a miscarriage of justice. United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003). Petitioner's claims in grounds (2), (6), (7), (8), and (9) fall within the scope of the waiver and he has waived those claims.

### A. Knowing and Voluntary Plea.

Petitioner contends that the waiver was not knowing and voluntary because he was 67 years old, not well versed in the law, had only a high school education, and had undergone heart surgery while in pre-trial detention. He contends that he did not understand what rights he was waiving and the court failed to ensure that he knew the implications of an appeal waiver.

---

[1] He reserved the right to appeal an upward departure. No upward departure was imposed.

2

A review of the record compels the conclusion that petitioner's appeal waiver must be enforced. The waiver language in the plea agreement is clear. Petitioner testified at his change of plea hearing that he fully understood he was waiving very important rights and that he fully understood what he was waiving. He was warned by this Court in no uncertain terms what important rights he was waiving. At the change-of-plea hearing petitioner declared, under oath, that he did understand the proceedings and that he did understand the fact that he was waiving the right to appeal his sentence.

> "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985) (citations omitted) . . . [Petitioner] has a heavy burden to overcome those admissions and show that his plea was involuntary. *See Blackledge v. Allison*, 431 U.S. 63, 72-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977); *United States v. Goodman*, 590 F.2d 705, 710 (8th Cir.), cert. denied, 440 U.S. 985, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979).

Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997).

At the change of plea hearing the following colloquy took place:

> THE COURT: Now you have kept the right to appeal if I sentence you to what's called an upward departure, that is a longer sentence than is called for by the guideline range. Do you understand that?
>
> THE DEFENDANT: Yes, your honor.
>
> THE COURT: But the problem and danger to you in that regard is that despite that, you don't know and Mr. Russman doesn't know what the guideline range is at this time, and so you're taking your chances in that regard. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Now with that exception you have given up all rights to appeal and so if you don't like what I do in your case as to the facts, law, or in general what your sentence is, you have no place to go. You cannot go to the Court of Appeals in St. Louis, Missouri, and you cannot go to the U.S. Supreme Court. You would be stuck with what I do in your case right or wrong. And, of course, judges like anyone else make mistakes,

>    and if I make a mistake in your case and you don't like it, you are stuck
>    with it. And so, your are giving up very valuable rights. Do you
>    understand all of that, sir?
>
>    THE DEFENDANT: Yes, sir.

If petitioner did not understand the waiver, he lied under oath to the court by testifying that he did understand. Petitioner was advised in no uncertain terms what valuable rights he was waiving and he testified that he understood that. He also signed a memorandum of understanding between himself and his counsel wherein he acknowledged that he understood he was waiving his appeal rights. "[Petitioner's] later conclusory claim that he did not understand what was going on rings hollow." United States v. Bahena, 223 F.3d 797, 806-07 (8th Cir. 2000) (finding plea to be knowing and voluntary where defendant testified under oath that he understood the proceeding). Accordingly, his waiver may be specifically enforced.

### B. Miscarriage of Justice.

A plea agreement waiver which is otherwise valid will not prevent habeas relief if enforcement would result in a miscarriage of justice . United States v. Andis, 333 F.3d at 890. The miscarriage of justice exception allows review of otherwise barred clams "where a constitutional violation has probably resulted in the conviction of a defendant who is actually innocent." United States v. Eagle Thunder, 873 F.Supp. 1362, 1372 (D.S.D. 1994). Petitioner is not innocent. He testified at his change of plea hearing that he did conspire to distribute methamphetamine.

Enforcement of a waiver may result in a "miscarriage of justice" if it prevents a defendant from appealing an illegal sentence "such as a sentence imposed in excess of the maximum penalty provided by statute or based upon a constitutionally impermissible factor such as race." United States v. Michelsen, 141 F.3d 867, 872 n. 3 (8th Cir.1998). Petitioner's sentence was not an illegal sentence.

### II. Breach of the Plea Agreement.

Petitioner contends that the government breached the plea agreement when it failed to recommend a reduction for acceptance of responsibility. If the government breached the plea

agreement, the waiver of appeal provision would not be enforceable to bar an appeal of a sentence. United States v. Wilkerson, 179 F.3d 1083, 1084 n. 2 (8th Cir.1999).

The failure of the government to abide by the promises made in a plea agreements violates a defendant's due process rights. United States v. Fowler, 445 F.3d 1035, 1037 (8th Cir. 2006). "Generally speaking, our circuit views plea agreements as contracts, requiring the parties to fulfill their obligations under that contract." *Id.*

The government agreed "that it will, unless there is significant evidence disclosed in the presentence investigation to the contrary, recommend that the Court find that the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct" and will recommend that the defendant receive the two level reduction under Guidelines § 3E1.1(a). If petitioner complied with certain dates, the government agreed to recommend a third level reduction pursuant to § 3E1.1(b). Petitioner failed to comply with the conditions for the third level reduction.

The presentence investigation report was disclosed to counsel on December 24, 2003. Both parties filed objections. The government did not object to the award of a three level reduction for acceptance of responsibility. The report, along with the addendum, was received by the court on January 26, 2004. Upon review of the presentence report, I sent a memo to counsel on February 6, 2004, detailing my concerns that the petitioner had obstructed justice by attempting to conceal assets or income and advising that it appeared "there are substantial issues as to obstruction of justice. If points are assessed for obstruction, it is unlikely in a typical case that points would be given for acceptance of responsibility."

I ultimately did assess two levels for obstruction of justice pursuant to USSG § 3C1.1. I explained in my statement of reasons the various reasons for the obstruction enhancement and, based upon obstruction, "the matter was not considered an extraordinary circumstance whereby the enhancement for Obstruction of Justice and the Adjustment for Acceptance of Responsibility both apply," Thus, the reduction for acceptance of responsibility was withheld based upon my *sua sponte* application of the obstruction enhancement. The government's request at the sentencing hearing that the points for acceptance of responsibility be withheld based upon the

5

defendant's objections as to offense conduct and drug quantities was not the basis for withholding points for acceptance of responsibility.

I made detailed findings as to obstruction of justice at the sentencing hearing and in the statement of reasons. Where a § 3C1.1 obstruction of justice enhancement is imposed, Application Note 4 to § 3E1.1 tells us that, absent extraordinary circumstances, the reduction for acceptance of responsibility would not apply. I found that there were no extraordinary circumstances warranting the adjustment for acceptance of responsibility and the reduction was not applied.

The government did not raise the issue of obstruction. It was raised by me *sua sponte*. The reduction for acceptance of responsibility would have been withheld whether or not the government urged me to grant the reduction. In any event, clearly significant evidence was disclosed which would vitiate the government's obligation to recommend the reduction.

### III. Lack of Consideration.

Petitioner contends that the plea agreement lacked consideration because the only thing he was to receive was the government's recommendation that he receive the reduction for acceptance of responsibility. This claim is frivolous. Petitioner was charged with 24 felony counts including conspiracy, distribution of a controlled substance, possession with intent to distribute, and use of a communication facility in facilitating the commission of a controlled substances offense. He was allowed to plead to only one felony, conspiracy. Dismissal of other counts has been deemed adequate consideration. *See* Bailey v. State of Minnesota, 966 F.2d 372, 374 (8th Cir. 1992). He was also given the opportunity to cooperate with the government and earn eligibility for consideration of a motion to reduce his sentence pursuant to Fed. R. Crim. P. 35(b).

### IV. Ineffective Assistance of Counsel.

Plea agreement waivers do " not waive defendant's right to argue . . . that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel." DeRoo v. United States, 223 F.3d 919, 924 (8th Cir. 2000). To support a claim of ineffective assistance of counsel, a two prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an

objective standard of reasonableness--and prejudice–"a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Petitioner contends that counsel failed to investigate the allegations in the indictment. "Where a guilty plea is challenged under the second prong of the *Strickland* test the 'defendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial.'" Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997 ) (*quoting* Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)). Petitioner "must overcome 'strong presumptions' of counsel's competence and of the voluntariness of his guilty plea[s] based on his representations at the plea hearing." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993). Petitioner's representations during the plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir. 1989) (*citing* Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985) (quoting Blackledge v. Allison, 431 U.S. 63, 73, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977))).

Petitioner signed a factual basis statement wherein he admitted the conduct set forth in Count I of the indictment. During the change-of-plea hearing, petitioner twice testified under oath that the factual basis statement was true and correct. Petitioner has not set forth facts showing that he would have gone to trial and denied his conduct. He has not set forth any facts which he claims should have been discovered which could have exculpated him. The government had recorded several "controlled buys" involving the petitioner, overwhelming evidence which would have been difficult to refute at trial. There is no evidence in the record which can overcome the persuasive evidence of voluntariness of petitioner's plea. He has not satisfied the second prong of Strickland as it relates to his claim that counsel was ineffective in failing to properly investigate the claims against him.

Petitioner contends that counsel failed to advise him of his constitutional rights and failed to properly advise him about the Federal Sentencing Guidelines and how they would apply to him if he pleaded guilty. Even if counsel failed to advise him of his constitutional rights, petitioner was advised of his constitutional rights both by the magistrate at his initial appearance and arraignment, and by me prior to accepting his guilty plea. He testified under oath that he understood those rights. His claim in that regard is frivolous. At the change of plea hearing I also advised him regarding the application of the Federal Sentencing Guidelines to his case. I did not estimate any sentence and told him any estimate made by his counsel was just an estimate and his sentence may be longer and neither he nor his counsel could know on the date of his plea what information would come up during the presentence investigation which may impact the length of his sentence. He testified that he understood those things and wanted to plead guilty anyway. His claim of ineffective assistance as it relates to advice as to the length of his sentence is frivolous.

Petitioner contends that counsel failed to negotiate plea provisions setting drug quantity, guideline range, or criminal history.

> Claims of ineffective assistance of counsel arising from plea negotiations are reviewed under the two-part test laid out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Thus, in order to prove [his] claim, [petitioner] must show both that [his] counsel's performance was deficient--that [his] "counsel's representation fell below an objective standard of reasonableness"-- and that such deficient performance prejudiced [his] defense--that there is "a reasonable probability that, but for [his] counsel's unprofessional errors," the result of the plea negotiation process would have been different. *Strickland*, 466 U.S. at 687, 688, 694, 104 S.Ct. 2052.

United States v. Regenos, 405 F.3d 691, 693 (8th Cir. 2005).

Even if petitioner could show that his counsel performed deficiently during the plea negotiation process, his ineffective assistance claim fails because he cannot prove that the result of the plea negotiations would have been different had counsel attempted to negotiate drug quantity, guidelines range, or criminal history. Only one of the six defendants charged in the same indictment as defendant received a plea offer that included an agreed upon drug quantity for

8

sentencing purposes. Petitioner cannot show a reasonable probability that more earnest plea negotiations would have been successful. See DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). Even if petitioner's counsel had been able to negotiate drug quantity, guidelines range, or criminal history, the court would not have been bound by those matters and petitioner could not have withdrawn his plea if the negotiated figures were rejected by the court.

Petitioner contends counsel failed to investigate and introduce evidence at sentencing which would have supported a decreased offense level. Petitioner has filed affidavits from witnesses he claims could have been called to testify in mitigation of the drug quantity attributed to him as well as in mitigation of the imposition of the enhancement for obstruction (and the resulting loss of the reduction for acceptance of responsibility).

The evidence as to perjury concerning drug quantity was not the only basis available for an obstruction enhancement. Petitioner's conduct in attempting to conceal assets and income during the presentence process, his failure to comply with the orders of Magistrate Moreno as to pre-trial payment of attorneys fees, and his statements at sentencing that he sold no drugs, were also a basis for the enhancement and the resulting loss of points for acceptance of responsibility. Any alleged ineffective assistance in failing to call witnesses as to perjury concerning drug quantity therefore did not prejudice the petitioner.

Petitioner contends that trial counsel was deficient in failing to call attorney Doug Fosheim to testify that petitioner did not know that he had to pay $650 per month for attorneys fees. Petitioner was orally ordered to do so by Judge Moreno. Attorney Fosheim forwarded Judge Moreno's letter to that effect to petitioner. I sent a memo to petitioner as to that matter. No oral testimony by attorney Fosheim would counter the evidence available to the court that petitioner had flagrantly violated orders of the court.

Petitioner contends that trial counsel was deficient in failing to call defendant's ex-wife as to the issue of ownership of horses. I found that petitioner did own horses which he failed to disclose during the presentence process. However, his failure to so disclose was but one of the many reasons for imposing an obstruction enhancement. No prejudice could result from the failure to call his ex-wife as a witness at sentencing.

Petitioner contends that trial counsel was deficient in failing to call witnesses who could have supported a decreased offense level. Petitioner admitted in his factual basis statement, and under oath at his change of plea hearing, that he had conspired to distribute at least 500 grams of methamphetamine. Under the Guidelines, that quantity translates into at least 1000 KG of marijuana, resulting in a base offense level of 32. With the two level enhancement for a firearm and the two level enhancement for obstruction, his total offense level would have been a minimum of 36. (I actually found that the base offense level based upon quantity was 34 with a resulting total offense level of 38.) Petitioner's Guidelines range would have been 188 - 235 months at a minimum based upon the quantities he admitted. He was sentenced within that range. He can show no prejudice resulting from the failure to call witnesses as to drug quantities.

The transcript of the March 2, 2004, final sentencing hearing is replete with the reasons for finding drug quantities as well as for finding that petitioner obstructed justice. No evidence from co-conspirators could have detracted from the evidence of quantities obtained from controlled buys or quantities the petitioner admitted to in his statements to law enforcement. I would note that, during the sentencing hearing, it was not only obvious, but in fact mentioned by the court and counsel, that the only avenue available to the petitioner to mitigate his sentence at that point was to claim that he previously lied to law enforcement, to probation, and to the court. He also apparently lied to his attorney because he later denied quantities that he admitted to in his objections to the presentence report. No amount of testimony from co-conspirators would have mitigated against the quantities as to which the petitioner previously admitted.

Based upon the foregoing, petitioner cannot demonstrate prejudice from any of the alleged ineffective assistance claims.

### V. Evidentiary Hearing.

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United

10

States, 68 F.3d 238, 240 (8th Cir. 1995)). No evidentiary hearing is necessary in this matter because it plainly appears from the motion, files, and records herein that the defendant is not entitled to relief.

## ORDER

A motion to vacate under 28 U.S.C. § 2255 is an extraordinary remedy in the nature of habeas corpus. The motion, files and records of the case conclusively show that petitioner is entitled to no relief. Accordingly,

IT IS ORDERED that petitioner's motion to vacate, set aside, or correct sentence is denied.

Dated this 20th day of April, 2007.

BY THE COURT:

*Charles B Kornmann*
CHARLES B. KORNMANN
U.S. District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara J Daephe*
DEPUTY
(SEAL)